516 F.2d 902
 75-2 USTC P 9548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee
v.
Earl H. Moore, Jr., Defendant-Appellant.
 No. 75-1047.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1975.
 
 Before PHILLIPS, Chief Judge, MILLER, Circuit Judge and CECIL, Senior Circuit Judge.
 
 Order
 
 1
 This is an appeal from the appellant's conviction in the United States District Court for the Southern District of Ohio on five counts of an indictment, charging failure to file federal income tax returns for the years 1968, 1969, 1970, 1971 and 1972.
 
 
 2
 It is alleged that the trial court committed error in the following respects: (1) The testimony of Dr. Robert Jack Eardley should have been excluded for the reason that it was premised on his incorrect conclusion that the Law's definition of mental illness did not include a neurosis; (2) The appellant was entitled to a judgment of acquittal, as a matter of law, for the reason that the government failed to prove beyond a reasonable doubt that the appellant was sane at the time of the commission of the offenses charged; (3) The court should have instructed the jury that the appellant was mentally ill as a matter of law; (4) The City of Dayton income tax returns should have been suppressed for the reason that they were acquired illegally and in violation of the appellant's right of privacy and (5) The government's opening net worth figure was not established with reasonable certainty.
 
 
 3
 Dr. Eardley was a licensed physician with extensive training in psychiatry. He had practiced psychiatry since 1965 and was currently with the Regional Office of the Federal Bureau of Prisons at Kansas City, Missouri and was Regional Administrator for the Mental Health Drug and Abuse Programs in that area. He was qualified to testify as a psychiatrist and it was proper for his testimony to be submitted to the jury along with all other expert and lay testimony on the subject of mental illness.
 
 
 4
 There was ample evidence to go to the jury on the question of the mental capacity of the appellant who had practiced his profession throughout the period herein involved and from which he received the income that should have been reported in the returns he failed to file. There was no error on the part of the court in failing to rule as a matter of law that the appellant was mentally ill.
 
 
 5
 We find no error on the part of the trial court in admitting into evidence the City of Dayton Income Tax Returns of the appellant, Earl H. Moore, Jr. To the extent that they were offered in evidence to show earned income of the appellant for the years 1968, 1969 and 1970 they are cumulative. The same may be said for the objection made to the government's opening net worth figure. Any attempt to show earned income by the net worth method was cumulative to evidence of specific items of income received by the appellant. (See Gov't. Ex SI 12-1)
 
 
 6
 The evidence is overwhelming that the appellant had sufficient earned income for the years 1968, 1969, 1970, 1971 and 1972 to require the filing of federal income tax returns and that he failed to file such returns for those years. Since there was ample evidence for the jury to find beyond a reasonable doubt that the appellant had the mental capacity to know right from wrong and to adhere to the right the judgment of the District Court should be affirmed.
 
 
 7
 IT IS THEREFORE ORDERED that the judgment of conviction in the District be and it is hereby affirmed. Costs to be assessed against the appellant.